IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL T. COCHRAN, )
)
                Plaintiff, )
)
vs. ) Case No. 17-1168-EFM-KGG
)
STATE OF OKLAHOMA, *et al.*, )
)
                Defendant. )
)

**ORDER ON MOTION TO PROCEED
WITHOUT PREPAYMENT OF FEES AND
MOTION TO APPOINT COUNSEL, AND
REPORT & RECOMMENDATION ON FOR DISMISSAL**

In conjunction with his federal court Complaint alleging violations of his Constitutional rights, Plaintiff Michael T. Cochran has filed a Motion to Proceed Without Prepayment of Fees (*IFP* application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1, sealed), as well as a Motion to Appoint Counsel (Doc. 4). Having reviewed Plaintiff's motions, as well as his Complaint (Doc. 1), the Court **GRANTS** the *IFP* application and **DENIES** the Motion to Appoint Counsel. The Court also **RECOMMENDS** to the District Court that Plaintiff's Complaint be **DISMISSED** for lack of jurisdiction.

**I.    Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of

an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 55 years old and single with no dependants. (Doc. 3-1, at 1-2.) Plaintiff is currently unemployed and homeless. (*Id*.) He has not received unemployment benefits or any other form of income or government assistance in the past twelve months. (*Id*., at 4-5.) He has only a small amount of cash on hand and no other financial resources.

Considering all of the information contained in the financial affidavit, Plaintiff has established that his access to the Courts would otherwise be seriously

impaired if he is not granted *IFP* status.  Plaintiff's motion for *IFP* is **GRANTED**.

## II. Motion to Appoint Counsel.

Plaintiff has also filed a motion requesting the appointment of counsel. (Doc. 4.)  There is no constitutional right to have counsel appointed in civil cases such as this one.  ***Beaudry v. Corr. Corp. of Am.***, 331 F.3d 1164, 1169 (10th Cir. 2003).  "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1).  ***Commodity Futures Trading Comm'n v. Brockbank***, 316 F. App'x 707, 712 (10th Cir. 2008).  The decision whether to appoint counsel "is left to the sound discretion of the district court."  ***Lyons v. Kyner***, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without

the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner***, 979 F.2d at 1421.

As discussed in Section I., above, Plaintiff's financial situation would make it impossible for him to afford counsel. The second ***Castner*** factor is Plaintiff's diligence in searching for counsel. The form motion used by Plaintiff clearly indicates that he was to "<u>confer with</u> (not merely contact)" at least five attorneys regarding legal representation prior to filing the motion. (Doc. 3, at 2 (emphasis in original).) The form provides space for the name, address, date(s) of contact, method of contact, and response received for six attorneys. Plaintiff has left this portion of the motion blank, leading the Court to believe that he has contacted no attorneys.

Often in situations such as this, before the Court will consider the application, it will require a movant to confer with, and provide the required information regarding, the requisite number of attorneys. The Court finds in this instance, however, that the motion will be resolved on other factors. As such, requiring Plaintiff to complete this task would not be useful.

The next factor is the merits of Plaintiff's case. *See **McCarthy***, 753 F.2d at 838-39 (10th Cir. 1985); ***Castner***, 979 F.2d at 1421. As discussed in Section III,

below, the Court has serious concerns regarding the viability of Plaintiff's claims. This factor thus weighs against the appointment of counsel. The Court's analysis thus turns to the final *Castner* factor, Plaintiff's capacity to prepare and present the case without the aid of counsel. 979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf. Kayhill v. Unified Govern. of Wyandotte*, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel. As such, the Motion to Appoint Counsel (Doc. 4, sealed) is **DENIED**.

**II.** **Sufficiency of Complaint and R&R for Dismissal.**

When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests. 28 U.S.C. §1915(e)(2). Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2).[1] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all

---

[1] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g.,* **Rowe v. Shake,** 196 F.3d 778, 783 (7th Cir. 1999); **McGore v. Wigglesworth,** 114 F.3d 601, 608 (6th Cir. 1997).

well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir.1991). This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." **Fisher v. Lynch**, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is

plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." ***Kay v. Bemis***, 500 F.3d at 1218 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed. R. Civ. P. 8(a), it must give the defendants sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff brings claim against the State of Oklahoma, District Attorney Brian Hermanson (whose position is in Oklahoma), Judge Jennifer Brock (whose

position is in Oklahoma), and various Oklahoma Highway Patrol troopers. (Doc. 1, at 1.) Plaintiff alleges that he was stopped on Oklahoma State Highway 77 by Oklahoma Highway Patrol troopers while traveling through Oklahoma on his way to Wichita, Kansas. (*Id*., at 3.) Plaintiff was driving a moped and pulling a bicycle trailer with his personal belongings. (*Id*.) Plaintiff did not have a valid driver's license, but did have a State of Louisiana identification card. He contends that in Louisiana, he was not required to have a driver's license for that particular moped. (*Id*.) He was cited by the Oklahoma Highway Patrol for operating a motor vehicle without a valid driver's license pursuant to Oklahoma state statute. (*Id*.) He alleges that he was unable to attend the scheduled court appearance and was ultimately fined; the fine was thereafter sent to collections. (*Id*., at 4.)

Based on the allegations stated in Plaintiff's Complaint, all of the Defendants are located in, employed in, and residents of Oklahoma. Further, all of the factual allegations occurred in Oklahoma. Although Plaintiff was traveling to Wichita, Kansas, when he was pulled over, this is not enough to bestow jurisdiction over these individuals in the District of Kansas.

The legal standard for determining whether a case should be dismissed for lack of personal jurisdiction is well-established.

> The plaintiff bears the burden of establishing personal

9

jurisdiction over the defendants. ***Edison Trust Number One v. Patillo***, No. 10-1159, 2010 WL 5093831, at *1 (D. Kan. Dec. 8, 2010) (quotations omitted). The plaintiff must show that under the laws of the forum state jurisdiction is proper, and that exercising jurisdiction would not offend traditional notions of fair play and substantial justice. *Id*. The extent of the burden depends on the stage at which the court considers the jurisdictional issue. *Id*. at 1. The plaintiff's burden in the preliminary stages of litigation is light and the plaintiff must make a prima facie showing. ***Dudnikov v. Chalk & Vermillion Fine Arts***, 514 F.3d 1063, 1069 (10th Cir. 2008); ***Hutton & Hutton Law Firm, LLC v. Girardi & Keese***, 96 F. Supp. 3d 1208, 1215 (D. Kan. Mar. 31, 2015).

. . . .

The test for personal jurisdiction first requires asking if any applicable statute authorizes service of process on the defendants. ***Dudnikov v. Chalk & Vermilion Fine Arts***, 514 F.3d 1063, 1070 (10th Cir. 2008). The second question is whether exercising statutory jurisdiction comports with the Fourteenth Amendment's constitutional due process demands. *Id*. Kansas law authorizes service of process pursuant not a 'long-arm' statute. The statute corresponds directly with the intent of constitutional limitations imposed by the Fourteenth Amendment. ***Federated Rural Elect Ins. Corp. v. Kootenai Elec. Coop.***, 17 F.3d 1302, 1305 (10th Cir. 1994); ***Jenkins-Dyer v. Drayton***, 2014 U.S. Dist. LEXIS 148130, *7-8 (D. Kan. Oct. 16, 2014). More precisely, if jurisdiction is consistent with due process, the long-arm statute of Kansas grants jurisdiction over a nonresident defendant. ***Jenkins-Dyer***, 2014 U.S. Dist. LEXIS 148130, at *8.

The Fourteenth Amendment's Due Process Clause grants personal jurisdiction over a nonresident defendant when: (1) the defendant has such "minimum contacts"

> with the forum state that they reasonably should anticipate being haled into court there; and (2) if minimum contacts is established with the forum state, defending a lawsuit in the forum would not "offend traditional notions of fair play and substantial justice." *Dudnikov*, 514 F.3d at 1070. If jurisdiction is found to be lacking at any stage of the proceeding, the court must dismiss the case. *Scott v. Home Choice, Inc.*, 252 F. Supp. 2d 1129, 1132 (D. Kan. 2003) (citing *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994)).
>
> The exercise of personal jurisdiction over a nonresident defendant complies with due process 'so long as there exists 'minimum contacts' between the defendant and the forum State.' *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction may be either general or specific, depending upon the defendant's contacts with the forum state. *Bristol-Myers Squibb Co. v. Superior Court*, No. 16-466, 2017 U.S. LEXIS 3873, at *10 (June 19, 2017). For a court to exercise general jurisdiction, the defendant's contacts with the forum state must be "'so continuous and systematic as to render [it] essentially at home in the forum State.' " *Fireman's Fund Ins. v. Thyssen Mining Constr. of Can.*, 703 F.3d 488, 493 (10th Cir. 2012) (quoting *Goodyear Dunlop Tires Operations v. Brown*, 131 S.Ct. 2846, 2851 (2011)). *See also Hutton & Hutton Law Firm, LLC v. Girardi & Keese*, 96 F. Supp. 3d 1208, 1217 (D. Kan. 2015).

*Berry v. Ulrich Hereford Ranch, Inc.*, 17-2109-JTM, 2017 WL 3130589, at *3 (D. Kan. July 24, 2017).

For purposes of this motion, the Court considers all well-plead allegations in Plaintiff's Complaint to be true. Even viewing these allegations in the light most favorable to Plaintiff, however, this Court has no personal jurisdiction over the named Defendants. All of the factual allegations occurred in Oklahoma. The Defendants all work in – and based on the allegations in Plaintiff's Complaint are presumed to be residents of – Oklahoma. None of them have the requisite minimum contacts with the State of Kansas for this Court to exercise jurisdiction over them. As such, the Court **recommends** that the District Court **DISMISS** Plaintiff's Complaint in its entirety because of a lack of personal jurisdiction over the Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel is **DENIED**.

**IT IS RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** for lack of personal jurisdiction over the Defendants.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall

be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the ten-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 3rd day of August, 2017.

 s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge